**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 27, 2010

Lyle W. Cayce
Clerk

No. 09-41158
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERGIO GARZA-CASTANEDA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-1289-2

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio Garza-Castaneda (Garza) appeals his jury convictions for conspiracy to possess with intent to distribute over 1,000 kilograms of marijuana and possession with intent to distribute over 1,000 kilograms of marijuana. The district court sentenced Garza to concurrent terms of 168 months of imprisonment and five years of supervised release.

Garza argues that the district court abused its discretion in admitting evidence of his prior conviction for misprision of a drug felony. Garza previously

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41158

failed to report that a large quantity of cocaine was stored in a trailer on his property.  The evidence was relevant to an issue other than Garza's character because it tended to show that he knew or was deliberately ignorant of whether marijuana was concealed in the trailer in the instant case.  *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  The probative value of the evidence was relatively high because there was no direct evidence that Garza knew there was marijuana inside the trailer.  *See id*. at 914.  The prejudicial impact of the evidence was mitigated by the district court's limiting instructions to the jury.  Accordingly, the district court did not abuse its discretion in finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  *See id*.

In addition, Garza argues there was insufficient evidence that he knew the trailer contained marijuana to support his convictions.  The evidence construed in the light most favorable to the verdict showed that a strong odor of marijuana emanated from the trailer.  It was within the province of the jury to disbelieve Garza's testimony that he did not know there was marijuana inside the trailer and infer that he detected the odor of marijuana.  *See United States v. Casilla*, 20 F.3d 600, 602, 606 (5th Cir. 1994).  Agents testified that Garza said he was being paid a large sum of money to transport the trailer a relatively short distance and there was a fifty-fifty chance drugs were in the trailer, and the jury was entitled to credit the agents' testimony over Garza's.  *See id*.  Garza transported the trailer at an unusual time, the purported recipient was not expecting the delivery, and the purported destination was located near Garza's property.  The value of the drugs being transported, $577,192, is also probative of Garza's knowledge because the jury could reasonably have inferred that Garza would not have been entrusted with extremely valuable cargo if he was not part of the conspiracy.  *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir.

2003).  Therefore, there was sufficient evidence that Garza knew the trailer contained marijuana to support his convictions.  *See id.* at 324-25.

Garza also argues that the prosecutor engaged in various acts of misconduct.  Garza contends that the prosecutor introduced evidence of his prior conviction in a misleading manner.  Evidence of the prior conviction was admissible, and the prosecutor accurately described the conviction.  Because Garza has failed to show that the prosecutor's remarks were improper, he has failed to show error in this regard.  *See United States v. McCann*, 613 F.3d 486, 494-95 (5th Cir. 2010).

Next, Garza contends that the prosecutor improperly referred to his co-defendant's guilty plea.  The Government introduced the plea for a proper purpose, and the district court issued cautionary instructions regarding accomplice testimony.  Garza, who is represented by counsel, waived consideration of the prosecutor's remarks that he contends imputed the co-defendant's guilty knowledge to him by virtue of inadequate briefing.  *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).  Having failed to show that the plea was improperly introduced or that the prosecutor's remarks regarding the plea were improper, Garza has also failed to show error in this regard.  *See United States v. Setser*, 568 F.3d 482, 494 (5th Cir.), *cert. denied*, 130 S. Ct. 437 (2009); *see also McCann*, 613 F.3d at 495.

Last, Garza contends that the prosecutor improperly relied on a drug courier profile as substantive evidence of his guilty knowledge.  Even if the prosecutor's remarks were improper, any possible prejudicial effect was minimal.  The remarks identified by Garza consisted of 11 lines in a 17-page closing argument.  The district court instructed the jury that arguments by counsel are not evidence and that the case was to be decided solely on the evidence, helping to mitigate any possible prejudice.  Furthermore, as set forth above, the evidence was sufficient to sustain the convictions.  Because Garza has failed to show that

his substantial rights were affected by the prosecutor's remarks, he has failed to show error in this regard as well. *See McCann*, 613 F.3d at 496.

The judgment of the district court is AFFIRMED.